IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **AUTUMN POSTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 1:23-cv-157** |
| | § | |
| **BAIRD NURSING OPERATIONS, LLC,** | § | |
| **THCM, LLC, AND SCOTT DAVIS,** | § | |
| **INDIVIDUALLY,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Autumn Poston ("Poston") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Poston, a non-exempt, hourly Assistant Director of Nurses, in accordance with the guarantees and protections of the FLSA. Defendants

have failed and refused to pay Poston at time-and-one-half her regular rate of pay for all off the clock hours worked in excess of forty hours within a workweek, although Defendants had full knowledge that Poston consistently worked over forty off the clock hours per week. Defendants have also failed to reimburse Poston for thousands of dollars in expenses that Poston accrued on behalf of Defendants.

## II. PARTIES

3. Plaintiff Autumn Poston is an individual residing in Callahan County, Texas.

4. Baird Nursing Operations, LLC ("Baird Nursing") is a domestic limited liability company doing business as Homestead Nursing and Rehabilitation of Baird that employed Poston in Baird, Texas.

5. Baird Nursing's registered agent for service of process is THCM, LLC, which may be served at 306 West 7th Street, Suite 430, Fort Worth Texas 76102.

6. At all times relevant to this claim, Baird Nursing was an employer of Poston as defined by 29 U.S.C. §203(d).

7. THCM, LLC ("THCM") is a domestic limited liability company that jointly employed Poston along with Baird Nursing.

8. THCM's registered agent for service of process is Business Filings Incorporated, and service may be had upon Business Filings Incorporated at 701 Brazos Street, Suite 720, Austin Texas 70701.

9. THCM was an employer of Poston as defined by 29 U.S.C. §203(d).

10. Scott Davis ("Davis") was and is the Administrator of Homestead Nursing and Rehabilitation of Baird.

11. Davis is an individual residing in or around Callahan County, Texas.

12. At all times relevant to this claim, Davis was an employer of Poston as defined by 29 U.S.C. §203(d).

13. Scott Davis acted directly or indirectly in the interest of Baird Nursing and THCM in relation to Poston's employment.

14. Scott Davis exercised managerial responsibilities and substantial control over employees of Baird Nursing, including Poston.

15. Scott Davis exercised managerial responsibilities and substantial control over the terms and conditions of employees of Baird Nursing, including the terms and conditions of Poston's employment.

16. Scott Davis had and exercised his authority to hire, fire and direct employees of Baird Nursing, including Poston.

17. Scott Davis had and exercised his authority to supervise and control the employment relationships and work schedules of employees of Baird Nursing, including Poston.

18. Scott Davis had and exercised his authority to set and determine the rate and method of pay of employees of Baird Nursing, including Poston.

19. Scott Davis had and exercised his authority to decide whether employees of Baird Nursing, including Poston, received overtime compensation.

20. Scott Davis also kept and maintained employment records for employees of Baird Nursing, including Poston.

21. Both Baird Nursing and THCM share the same owners and directors.

22. Both Baird Nursing and THCM share the same employees.

23. Both Baird Nursing and THCM jointly employed Poston and all other employees working at Homestead Nursing and Rehabilitation of Baird.

24. The joint employment doctrine "treats a worker's employment by joint employers as 'one employment' for purposes of determining compliance with the FLSA's wage and hour

requirements." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); accord 29 C.F.R. § 791.2(a) ("[A]ll of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."). Thus, a finding of joint employment requires that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961).

## III. JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction in this matter because Poston asserts claims arising under federal law. Specifically, Poston asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

26. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Callahan County, Texas, which is in this District and Division. Poston was an employee of Defendants, and performed work for Defendants in and around Callahan County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

27. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Poston.

28. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. At all relevant times, Defendants Baird Nursing and THCM have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

30. At all relevant times, Defendants Baird Nursing and THCM have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that each Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

31. At all times hereinafter mentioned, Poston was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

32. As an employee of Defendants, Poston handled items such as cell phones, computers, bandages, wipes, thermometers, glucometers, glucometer strips, corona ointment, distilled water, cleaning supplies, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

### V. FACTUAL ALLEGATIONS

33. Defendants operate a skilled nursing facility in Baird, Texas under the name of Homestead Nursing and Rehabilitation of Baird.

34. Poston was employed by Defendants at their Baird Texas facility as an Assistant Director of Nurses.

35. Throughout her employment, Defendants paid Poston on an hourly basis.

36. During all times relevant to this action, Poston was non-exempt.

37. Poston routinely worked long hours and consistently worked more than forty hours per week.

38. However, Poston also routinely worked off the clock hours.

39. Defendants paid Poston no compensation at all for any off the clock hours she worked, even though Poston was forced to work off the clock hours in order to keep up with her job duties.

40. Defendants were fully aware that Poston was working off the clock, as Poston consistently complained about having to work off the clock hours.

41. Poston also consistently complained to Defendants about the fact that Defendants were short staffed.

42. In fact, Poston begged Defendants to hire other nurses to assist her, but her complaints fell upon deaf ears.

43. Poston's complaints about Defendants' staffing problems echoed complaints made by the facility's former Director of Nurses.

44. Because of the issues caused by short staffing, Poston could not confine her duties to those traditionally performed by an Assistant Director of Nurses.

45. Indeed, she would regularly assume CNA duties, nurse duties, and kitchen duties out of sheer necessity.

46. Because the facility accepted inmates on compassionate release, every time an inmate would leave the facility without authorization (i.e., escape), Poston was charged with tracking these inmates down.

47. Poston missed multiple holidays with her family because she was constantly working off the clock hours for Defendants.

48. Indeed, on one occasion, Poston asked for time off to see her grandmother who had fallen ill, but her request for time off was denied.

49. Defendants were fully aware that Poston consistently performed uncompensated off the clock work, as they directed her to work these hours.

50. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Poston.

51. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Poston.

52. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Poston for her off the clock hours.

53. In addition to short staffing issues, Defendants' facility was constantly low on supplies, and Poston would spend her own money to buy supplies for patients that were essential to providing care to Defendants' patients.

54. These supplies included, but were not limited to, wipes, glucometers, glucometer strips, corona ointment, and distilled water.

55. Poston even bought eggs, milk and sausage for the kitchen when the kitchen was running short on these items.

56. Poston estimates she spent thousands of dollars of her own money on supplies for the facility, and was rarely, if ever, reimbursed for such supplies, even though Defendants knew Poston had incurred money buying supplies on Defendants' behalf.

## VI. CAUSES OF ACTION:

### A.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

57. Poston incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

58. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Poston, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Poston, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Poston, were employed.  Defendants have acted willfully in failing to pay their non-exempt employees, including Poston, in accordance with applicable law.

### B.       BREACH OF CONTRACT AND QUASI CONTRACT

#### 1.  Unpaid Hourly Wages Under Forty Hours Per Week

59. Poston incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

60. Poston is entitled to recover damages for Defendants' failure to pay her for all off the clock hours during weeks in which Poston worked less than forty hours under Texas common law for breach of contract.

61. During the course of her employment, Poston and Defendants entered into a valid and enforceable contract regarding payment of wages in exchange for Poston's services.  Pursuant to this contract, Defendants were obligated to pay Poston the full amount of her agreed upon compensation every pay period.  Poston has fully performed all of her contractual obligations.

62. Defendants breached this contract by failing to pay Poston all compensation she was owed under the above referenced contract for her off the clock work during weeks in which she worked less than forty hours. Defendants' breach caused injury to Poston, which resulted in damages. Poston seeks unliquidated damages within the jurisdictional limits of this court.

63. Alternatively, Defendants owe Poston all unpaid compensation at Poston's full regular rate under *quantum meruit* for services Poston provided directly to Defendants when Poston worked off the clock in weeks in which she worked less than forty hours. Defendants accepted these services under such circumstances that Defendants were reasonably notified that Poston expected to be paid by Defendants.

64. By virtue of the filing of this Original Complaint, Poston has made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002.

65. In the alternative, Poston seeks to recover damages against Defendants for the full amount of her unpaid wages in weeks in which she worked off the clock but worked less than forty hours under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

## 2. Unreimbursed Expenses Incurred on Behalf of Defendants

66. Defendants are also liable to Poston for all unreimbursed expenses she incurred on behalf of Defendants under the Texas common law for breach of contract.

67. During the course of her employment, Poston and Defendants entered into a valid and enforceable contract regarding payment of expenses Poston incurred on behalf of Defendants. Pursuant to this contract, Defendants were obligated to pay Poston the full amount of these expenses at or reasonably near the time such expenses were incurred. Poston has fully performed all of her contractual obligations.

68. Defendants breached this contract by failing to pay Poston for all expenses she incurred under the above referenced contract. Defendants' breach caused injury to Plaintiff, which resulted in damages. Poston seeks damages within the jurisdictional limits of this court.

69. By virtue of the filing of this Original Complaint, Poston has made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002.

70. In the alternative, Poston seeks to recover damages against Defendants for the full amount of her unpaid expenses under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Poston prays for judgment against Defendants Baird Nursing Operations, LLC, THCM LLC and Scott Davis, individually, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Poston and for liquidated damages equal in amount to the unpaid compensation found due to Poston;

b. For an Order awarding Poston her agreed upon hourly rate for all off the clock hours worked during weeks in which she worked less than forty hours under her contracts (express or implied) or under any applicable statute or common law;

c. For an Order awarding Poston her unreimbursed expenses incurred on behalf of Defendants under her contracts (express or implied) or under any applicable statute or common law;

d.      For an Order awarding Poston reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA and by Chapter 38 of the Texas Civil Practice and Remedies Code;

e.      For an Order awarding Poston pre-judgment and post-judgment interest at the highest rates allowed by law;

f.      For an Order awarding Poston declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

g.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**