IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| AUTUMN POSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 1:23-cv-157 |
| BAIRD NURSING OPERATIONS, LLC, | § | |
| THCM, LLC and SCOTT DAVIS, | § | |
| Individually, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants Baird Nursing Operations, LLC ("Baird Nursing"), THCM, LLC ("THCM") and Scott Davis ("Davis") (collectively, the "Defendants") hereby submit this Original Answer ("Answer") to Plaintiff's Original Complaint ("Complaint") filed by Plaintiff Autumn Poston ("Plaintiff") as follows:

**ANSWER TO SPECIFIC ALLEGATIONS**

Defendants answer the numbered allegations in the Complaint as follows:

1.     The allegations of Paragraph 1 of the Complaint state legal conclusions and require no answer of Defendants.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     In response to Paragraph 3 of the Complaint, Defendants admit only that Plaintiff is an individual.  Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 3, therefore the allegations are denied.

4.      In response to Paragraph 4 of the Complaint, Defendants admit only that Baird Nursing is a limited liability company and that Baird Nursing formerly employed Plaintiff. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      In response to Paragraph 6 of the Complaint, Defendants admit only that Baird Nursing formerly employed Plaintiff.  Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 6, therefore the allegations are denied.

7.      In response to Paragraph 7 of the Complaint, Defendants admit only that THCM is a limited liability company.  Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint.

10.      In response to Paragraph 10 of the Complaint, Defendants admit only that Davis is the current Administrator of Baird Nursing.  Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 10, therefore the allegations are denied.

11.      Defendants admit the allegations in Paragraph 11 of the Complaint.

12.      Defendants deny the allegations in Paragraph 12 of the Complaint.

13.      In response to Paragraph 13 of the Complaint, Defendants lack sufficient knowledge or information to determine the truth of the allegations, therefore the allegations are denied.

14.     In response to Paragraph 14 of the Complaint, Defendants lack sufficient knowledge or information to determine the truth of the allegations, therefore the allegations are denied.

15.     In response to Paragraph 15 of the Complaint, Defendants lack sufficient knowledge or information to determine the truth of the allegations, therefore the allegations are denied.

16.     In response to Paragraph 16 of the Complaint, Defendants lack sufficient knowledge or information to determine the truth of the allegations, therefore the allegations are denied.

17.     In response to Paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to determine the truth of the allegations, therefore the allegations are denied.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     The allegations of Paragraph 24 of the Complaint state legal conclusions and require no answer of Defendants, but to the extent that they require an answer, Defendants deny those allegations.

25.     In response to Paragraph 25 of the Complaint, Defendants admit only that that this Court has subject matter jurisdiction over the allegations asserted under the Fair Labor Standards

Act and that this Court has personal jurisdiction over Defendants.  Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 25 of the Complaint, therefore the allegations are denied.

26.    In response to Paragraph 26 of the Complaint, Defendants admit that venue is proper in the Northern District of Texas, Abilene Division, because all of a substantial part of the events forming the basis of this suit occurred in Callahan County, Texas, which is located in the Northern District of Texas, Abilene Division.  Defendants admit that Baird Nursing formerly employed Plaintiff and that Plaintiff performed work for Baird Nursing in Callahan County, Texas.  Defendants admit that they reside in the Northern District of Texas and that this Court has personal jurisdiction over Defendants.  The remaining allegations of Paragraph 26 of the Complaint state legal conclusions and require no answer of Defendants, but to the extent that they require an answer, Defendants deny those allegations.

27.    In response to Paragraph 27 of the Complaint, Defendants admit only that Baird Nursing formerly employed Plaintiff.  Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, Defendants admit only that Baird Nursing formerly employed Plaintiff.  Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

29.    Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    In response to Paragraph 31 of the Complaint, Defendants admit only that Baird Nursing formerly employed Plaintiff.  Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, Defendants admit only that Baird Nursing formerly employed Plaintiff.  Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations in Paragraph 32 of the Complaint, therefore the allegations are denied.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint, Defendants admit only that Baird Nursing formerly employed Plaintiff as Assistant Director of Nurses.  Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.     Defendants admit that Plaintiff was paid by Baird Nursing on an hourly basis. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants admit the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     In response to Paragraph 50 of the Complaint, Defendants admit only that Baird Nursing was obligated to pay overtime compensation to its non-exempt employees.  Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     In response to Paragraph 56 of the Complaint, Defendants lack sufficient knowledge or information to determine the truth of the allegations, therefore the allegations are denied.

57.     The allegations of Paragraph 57 require no answer of Defendants.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     The allegations of Paragraph 59 require no answer of Defendants.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     The allegations of Paragraph 64 of the Complaint state legal conclusions and require no answer of Defendants, but to the extent that they require an answer, Defendants deny those allegations.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.    Defendants deny the allegations in paragraph 66 of the Complaint.

67.    Defendants deny the allegations in paragraph 67 of the Complaint.

68.    Defendants deny the allegations in paragraph 68 of the Complaint.

69.    The allegations of Paragraph 69 of the Complaint state legal conclusions and require no answer of Defendants, but to the extent that they require an answer, Defendants deny those allegations.

70.    Defendants deny the allegations in paragraph 70 of the Complaint.

### AFFIRMATIVE DEFENSES

71.    Defendants assert that THCM and Davis did not employ Plaintiff.

72.    Defendants invoke the defenses, protections, and limitations of the FLSA.

73.    Defendants assert that, at all times, Defendants acted in good faith and had reasonable grounds for believing that their actions were in compliance with the FLSA.

74.    Defendants assert that this action is barred to the extent Plaintiff seeks recovery for time that is not compensable under the FLSA.

75.    Defendants assert that Plaintiff was compensated for all hours worked in excess of forty hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA.  In fact, Defendants assert that Plaintiff was paid approximately $20,107.92 in overtime compensation during her approximate eight-month employment with Baird Nursing.

76.    Plaintiff's claims are estopped by the submission of her own time records, for which Plaintiff was compensated for all overtime claimed.

77.    To the extent that Plaintiff performed work "off the clock," as alleged in the Complaint, Plaintiff failed to follow reasonable time reporting procedures and seeks

compensation which was never reported to Defendants and for which Defendants are not responsible.

78.    Defendants assert that Plaintiff failed to present any receipts or other requests for reimbursement to Defendants.

79.    Defendants assert that Plaintiff has failed to mitigate her purported damages.

80.    Defendants assert that Plaintiff's claims are barred by accord and satisfaction and/or payment and release.

81.    Defendants assert the affirmative defenses of waiver and estoppel.

82.    Defendants reserve the right to raise additional affirmative defenses determined during the discovery and litigation of this action.

## REQUEST FOR RELIEF

Defendants respectfully request that this Court to enter judgment that Plaintiff take nothing by way of this action, dismiss  Plaintiff's claims with prejudice to refiling, award Defendants their costs and attorney's fees incurred in this action, and award Defendants such other relief to which they may be justly entitled.

Respectfully submitted,

**LILLARD WRIGHT PLLC**

By: */s/ Robert M. Hailey*
      Robert M. Hailey
      State Bar No. 24027362
      rhailey@rwtrial.com
      John Reenan
      State Bar No. 00789777
      jreenan@rwtrial.com

13760 Noel Road, Suite 1150
Dallas, Texas 75240
(972) 267-8400 (Telephone)
(972) 267-8401 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2023, a true and correct copy of the foregoing Defendants' Original Answer to Plaintiff's Original Complaint was served on all parties and counsel of record via the CM/ECF Court Filing System in accordance with the Federal Rules of Civil Procedure.

      */s/ Robert M. Hailey*
      Robert M. Hailey