IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| AUTUMN POSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:23-cv-157-H |
| | § | |
| BAIRD NURSING OPERATIONS, LLC, | § | |
| THCM, LLC, AND SCOTT DAVIS, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## THE PARTIES' JOINT REPORT

Plaintiff Autumn Poston ("Plaintiff") and Defendants Baird Nursing Operations, LLC ("Baird Nursing"), THCM, LLC ("THCM") and Scott Davis ("Davis") (collectively, "Defendants") (Plaintiff and Defendants are collectively, "the Parties") hereby file the following Joint Report:

a.      A brief but specific description of the nature of the case and the contentions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; and (ii) the specific relief that each party seeks-such as damages, restitution, and injunctive or declaratory relief-including the amount or form of each type of relief sought and the basis on which the party seeks that relief;

**PLAINTIFF**

Plaintiff was a non-exempt hourly Assistant Director of Nurses and was not paid time-and-one-half her regular rate of pay for all off-the-clock hours worked in excess of forty hours within a workweek, although Defendants had full knowledge that Poston consistently worked over forty off-the-clock hours per week. Plaintiff brings her first claim under the Fair Labor Standards Act for failure to pay overtime in violation of the FLSA. Plaintiff contends that the key disputed issues in her FLSA matter will be the number of hours she worked per week, and Defendants' awareness of same.

Plaintiff brings a common law breach of contract claim for unpaid off-the-clock hours to be paid at her full regular rate for all hours worked in weeks in which she worked less than forty hours per week. In the alternative, Plaintiff seeks recovery at her full regular rate for all hours worked in those weeks in which she worked less than forty hours per week under quantum meruit, promissory estoppel, unjust enrichment, or money had and received. Plaintiff contends that the key disputed

issues for her claim for unpaid off-the-clock hours at her full regular hourly rate will be whether the Parties agreed that she would be paid her full hourly rate for all hours worked, including those worked off the clock, and whether Defendants were aware of all off the clock hours worked by Plaintiff.

Finally, Plaintiff brings a common law breach of contract claim for unpaid expenses. In the alternative, Plaintiff seeks recovery of unpaid expenses under quantum meruit, promissory estoppel, unjust enrichment, or money had and received. Plaintiff contends that the key disputed issues for this claim will be whether the Parties agreed that Plaintiff would be reimbursed for expenses paid out of pocket and, if so, the amount of unpaid expenses incurred by Plaintiff on behalf of Defendants.

Plaintiff seeks monetary damages for all three of the above causes of action, although the exact amount of each claim has not yet been determined.

**DEFENDANTS**

Defendants invoke the defenses, protections, and limitations of the FLSA. Plaintiff was formerly employed by Baird Nursing. Plaintiff was not an employee of THCM or Davis. Defendants assert that they acted in good faith and had reasonable grounds for believing that their actions were in compliance with the FLSA. Defendants assert that Plaintiff was compensated for all hours worked in excess of forty hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA. In fact, Defendants assert that Plaintiff was paid approximately $20,107.92 in overtime compensation during her approximate eight-month employment with Baird Nursing. Plaintiff's claims are estopped by the submission of her own time records, for which Plaintiff was compensated for all overtime claimed. To the extent that Plaintiff performed work "off the clock," as alleged by Plaintiff, Plaintiff failed to follow reasonable time reporting procedures and seeks compensation which was never reported to Defendants and for which Defendants are not responsible. With respect to Plaintiff's claim for unpaid expenses, Defendants assert that Plaintiff failed to present any receipts or other requests for reimbursement to Defendants. Defendants seek the dismissal of Plaintiff's claims under the FLSA and common law and request their costs and attorney's fees incurred in this action.

b.      A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal;

This Court has subject matter jurisdiction because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

c.      A proposed time limit to file motions for leave to join other parties;

December 15, 2023.

d.      A proposed time limit to amend the pleadings;

June 14, 2024.

e.      Proposed time limits to file various types of motions, including dispositive motions. The Court prefers the dispositive-motion deadline to be at least 120 days before trial; the deadline cannot be fewer than 90 days before trial. Absent good cause, the dispositive-motion deadline should come after the deadline to complete discovery;

Dispositive Motions must be filed by July 15, 2024.

f.      A proposed time limit for initial designation of experts, and a brief description of the issues the parties expect will require expert testimony;

April 12, 2024.

g.      A proposed time limit for responsive designation of experts;

May 13, 2024.

h.      A proposed time limit for objections to experts (i.e., Daubert and similar motions);

June 14, 2024.

1.      A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be limited to certain issues or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b);

The Parties propose that discovery close on August 9, 2024.  Discovery will include Plaintiff's entitlement to relief under all three causes of action, hours worked by Plaintiff, Defendants' knowledge of Plaintiff's hours worked, whether there was an agreement to reimburse Plaintiff for expenses, and the amount Plaintiff spent out of pocket on expenses.  Discovery will also be conducted on Defendants' defenses under the FLSA and common law, including that Plaintiff was compensated for all hours worked in excess of forty hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA and that Plaintiff failed to present any receipts or other requests for reimbursement to Defendants.

J.      A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;

At this point in time, the Parties are unaware of any facts that can be stipulated.

k.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

None.

l.      Proposed means for retention, disclosure, and discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of ESI. See Fed. R. Civ. P. 34(b)(2)(E)(i)-(iii);

To the extent any issues arise with respect to ESI, the Parties agree to work together to attempt to resolve such issues.

m.      Any proposals regarding the handling and protection of privileged or trial- preparation material that should be reflected in a court order;

None at this time.

n.      A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded. Absent exceptional circumstances, the proposed trial date should be no later than 18 months after the date the initial complaint was filed;

November 11, 2024.  The parties estimate trial will take 2-3 days.   A jury has not been requested.

o.      A proposed date for further settlement negotiations;

October 13, 2023.

p.      A statement as to when disclosures under Rule 26(a)(l) were made or will be made, and any objections to initial disclosures under Fed. R. Civ. P. 26(a)(l) asserted at the scheduling conference;

Disclosures will be made by September 28, 2023.

q.      Whether the parties will consent to trial, either jury or non-jury, before U.S. Magistrate Judge Parker. See Fed. R. Civ. P. 73(b)(l). Consent to a magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. See 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b)(2);

The Parties do not consent to trial by Magistrate.

r.      Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

None at this time.

s.      Whether a conference with the Court is desired and what the conference's focus would be; and

Not at this time.

t.      Any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), and 26(c).

None at this time.

                                            Respectfully submitted,

                                            WELMAKER LAW, PLLC


                                            /s/  Douglas B. Welmaker
                                            Douglas B. Welmaker
                                            Attorney-in-Charge
                                            State Bar No. 00788641
                                            Welmaker Law, PLLC
                                            409 N. Fredonia, Suite 118
                                            Longview, Texas 75601
                                            Phone: (512) 799-2048
                                            Email: doug@welmakerlaw.com

                                            **ATTORNEY FOR PLAINTIFF**

                                            LILLARD WRIGHT PLLC


                                            */s/ Robert M. Hailey*
                                            Robert M. Hailey
                                            State Bar No. 24027362
                                            rhailey@rwtrial.com
                                            John Reenan
                                            State Bar No. 00789777
                                            jreenan@rwtrial.com
                                            13760 Noel Road, Suite 930
                                            Dallas, Texas 75240
                                            (972) 267-8400 (Telephone)
                                            (972) 267-8401 (Facsimile)

                                            **ATTORNEYS FOR DEFENDANTS**